UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DICKERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN RUETER, et al.,<br><br>  Defendants. | No. 2:24-cv-00919 SCR P<br><br>ORDER |

Plaintiff is a state inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636. Before the court are plaintiff's complaint for screening (ECF No. 1) and motion to proceed in forma pauperis (ECF No. 2). For the reasons set forth below, the undersigned grants plaintiff's motion to proceed in forma pauperis and finds the complaint fails to state a claim upon which relief may be granted. The court will grant plaintiff leave to file an amended complaint.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's

1

trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## LEGAL STANDARDS

### I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. 42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights,

privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### III. Linkage

Section 1983 also requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

## DISCUSSION

### I. Factual Allegations of The Complaint

Plaintiff alleges he walked into High Desert State Prison on October 24, 2022, with a good prosthetic left leg. (ECF No. 1 at 2.) The prison then took his leg and put him in a wheelchair. (Id.) They made a new prosthetic left leg that was four inches too short and didn't fit and keeps him in a wheelchair. (Id. at 2-3.) Plaintiff has only seen the doctor one time over a T.V. monitor. (Id. at 3.) Plaintiff doesn't feel that he is receiving quality health care and is dissatisfied with the wait time for a new prosthetic leg. (Id.) Plaintiff's complaint names Dr. Kevin Rueter, M.D., the Chief Medical Executive at High Desert State Prison, as the only defendant. (ECF No. 1 at 2.) As relief, plaintiff seeks $1,000,000 in damages for mental anguish, loss of time, and reasonable accommodations. (Id.)

### II. Discussion

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

1  complaint does not state a claim for relief for two reasons. First, the complaint does not comply
2  with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires only 'a short and
3  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
4  defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Twombly, 550
5  U.S. at 555 (citation omitted). Plaintiff's complaint, however, does not identify which
6  Constitutional or federal statutory rights defendant Dr. Rueter allegedly violated or otherwise give
7  Dr. Rueter fair notice of its grounds for relief. Nor does the complaint contain the "short and
8  plain statement of the grounds for the court's jurisdiction" required by Rule 8(a)(1).
9      Second, while defendant Dr. Rueter is likely a "person" for purposes of § 1983, the
10 complaint fails to adequately link or connect Dr. Rueter to the alleged violations of plaintiff's
11 rights, including but not limited to the taking of plaintiff's prosthetic leg and forcing him to use a
12 wheelchair. Plaintiff's complaint names Dr. Rueter as the sole defendant but does not mention
13 Dr. Rueter in the statement of facts at all.
14     Accordingly, the court finds that the complaint does not state a valid claim for relief
15 pursuant to any constitutional or federal statutory provision. Because of these defects, the court
16 will not order the complaint to be served on defendant. Plaintiff may try to fix these problems by
17 filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is
18 provided with the relevant legal standards governing his potential claims for relief which are
19 attached to this order. See Attachment A.
20     If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
21 about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at
22 370-71. The complaint must also allege in specific terms how each named defendant is involved.
23 Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability
24 under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
25 actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26 Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations
27 are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
28     Plaintiff is also informed that the court cannot refer to a prior pleading to make his

1  amended complaint complete. Local Rule 220 requires that an amended complaint be complete
2  in itself without reference to any prior pleading. This is because, as a general rule, an amended
3  complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)
4  (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer
5  serves any function in the case. Therefore, in an amended complaint, as in an original complaint,
6  each claim and the involvement of each defendant must be sufficiently alleged.

**PLAIN LANGUAGE SUMMARY FOR PARTY PROCEEDING WITHOUT A LAWYER**

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within sixty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules. The amended complaint must bear the docket number assigned this case, **2:24-cv-00919 SCR**, and must be labeled **"First Amended Complaint."**

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 16, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

**Attachment A**

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

### I. Eighth Amendment Deliberate Indifference to Serious Medical Needs

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. (Id.); see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" (Id., citing Estelle, 429 U.S. at 104.) "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. (Id.) Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." (Id. at 839.) A

showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

"[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." Hamby v. Hammond, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

**II.     Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.**

To state a claim for violation of Title II of the Americans with Disabilities Act, a plaintiff must allege four elements:

> (1) She is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of her disability.

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1060 (9th Cir. 2007); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001).

"A disability discrimination claim may be based on 'one of three theories of liability: disparate treatment, disparate impact, or failure to make a reasonable accommodation.'" Payan v. Los Angeles Community College Dist., 11 F.4th 729, 738 (9th Cir. 2021). In contrast to a Title II disparate impact claim, which "is focused on modifying a policy or practice to improve systemic accessibility," a Title II "reasonable accommodation claim is focused on an accommodation based on an individualized request or need[.]" Id. In addition, "[t]o recover monetary damages under Title II of the ADA ... a plaintiff must prove intentional discrimination on the part of the defendant." Duvall, 260 F.3d at 1138.

**III.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq.**

Under Section 504 of the Rehabilitation Act, "No otherwise qualified individual with a disability in the United States...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). While Section 504 has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).